UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TIMOTHY DEMOND PATE**                      **CIVIL ACTION**

**VERSUS**                                   **NO: 24-1859**

**GARDEN DISTRICT
PROPERTIES, LLC ET AL.**                     **SECTION "H"**

### ORDER AND REASONS

Before the Court is Plaintiff's Motion to Offer/File/Introduce and Publish to Record (Doc. 22); a Motion for Summary Judgment (Doc. 24); and a Motion for Writ of Seizure and Sale (Doc. 23). For the foregoing reasons, this matter is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

### BACKGROUND

Plaintiff Timothy Pate brought this *pro se* action on behalf of RLL Trust No. 1F arising out of a property dispute. Plaintiff's Complaint contends that Defendants Garden District Properties, LLC and Troy Organa have attempted to "unlawfully transfer" his property. In later filings, Plaintiff further explains that he became Trustee of the RLL Trust No. 1F in September 2023 and began planning renovations and paying back taxes on the property located at 416 S. Broad St. New Orleans, Louisiana. He subsequently received a judgment from the First City Court of New Orleans taped to the property door and discovered

1

a fraudulent act of sale filed in the public record transferring the property to Defendants. He contends that he filed for an injunction of the judgment in the First City Court of New Orleans and then brought this action on July 25, 2024. Pursuant to the proof of service filed in the record, Defendants were served on July 29, 2024, but have not made an appearance. The clerk of court entered default against Defendants on January 6, 2025.

Now before the Court are three motions filed *pro se* by Plaintiff: a Motion to Offer/File/Introduce and Publish to Record; a Motion for Summary Judgment; and a Motion for Writ of Seizure and Sale. However, at the outset, this Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*. Having found that this Court lacks subject matter jurisdiction over Plaintiff's claims, it does not reach the merits of his motions.

## LAW AND ANALYSIS

Subject matter jurisdiction in this case is premised upon diversity of citizenship and federal question. The proponent of federal court jurisdiction—in this case, Plaintiff—bears the burden of establishing subject matter jurisdiction.[1] In determining subject matter jurisdiction, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[2]

---

[1] *See* Physicians Hosps. of Am. v. Sebelius, 691 F.3d 649, 652 (5th Cir. 2012).
[2] Den Norske Stats Oljeselskap As v. HeereMac Vof, 241 F.3d 420, 424 (5th Cir. 2001).

Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy exceeding $75,000.[3] "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[4] Plaintiff's Complaint lists both the RLL Trust and Defendant Troy Organa as Louisiana citizens.[5] There is no contrary evidence in the record. Accordingly, there does not appear to be complete diversity between the parties, and this Court therefore does not have diversity jurisdiction over this matter.

As to federal question jurisdiction, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[6] The well-pleaded complaint rule governs the existence of federal question jurisdiction.[7] "Under the well-pleaded complaint rule, 'federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint.'"[8] Plaintiff's Complaint lists the Fourth and Fifth Amendments, contract law, and the administrative process as the bases for federal jurisdiction. The Fourth Amendment protects against

---

[3] 28 U.S.C. § 1332; Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).

[4] McClaughlin v. Miss. Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).

[5] Plaintiff also lists Defendant Garden District Properties, LLC as a Louisiana citizen. However, for purposes of diversity jurisdiction, the "citizenship of a LLC is determined by the citizenship of all of its members." Harvey v. Grey Wold Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008). Accordingly, the party invoking federal jurisdiction must list each member and the citizenship of each member of each limited liability company to properly allege diversity of citizenship. Plaintiff has failed to adequately plead the citizenship of Defendant Garden District Properties, LLC.

[6] 28 U.S.C. § 1331.

[7] Hoskins v. Bekins Van Lines, 343 F.3d 769, 772 (5th Cir. 2003).

[8] *Id.* (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).

unreasonable searches and seizures by government actors, while the Fifth Amendment protects against self-incrimination and applies to government actions. Plaintiff's factual allegations do not implicate these issues or raise any other federal question. Plaintiff's Complaint raises state property law claims against private citizens. Accordingly, this Court does not have federal question jurisdiction over Plaintiff's claims. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[9]

## CONCLUSION

For the foregoing reasons, this matter is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

New Orleans, Louisiana this 16th day of June, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[9] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).